# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN MULLICANE,<br><br>             Plaintiff,<br><br>     v.<br><br>MARSHALL, et. al.,<br><br>             Defendants.       / | CV F   03 6299 AWI LJO P<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. 43.) |

  Glenn Mullicane ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  On April 20, 2005, Plaintiff filed a Request for a Temporary Restraining Order ("TRO"). Plaintiff states that a TRO is needed to cause prison officials to return property and prevent them from confiscating his legal papers. Plaintiff indicates that he has not received his property that was inventoried and retained upon his transfer into another facility.

  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either

approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

In this case, Plaintiff is seeking injunctive relief to obtain property and prevent the confiscation of property that will allow him to litigate his case. As a preliminary matter, Plaintiff's Complaint does not contain a cause of action for similar permanent injunctive relief and does not contain claims relating to the same or similar issues as that sought here. Because the federal court is a court of limited jurisdiction, as a threshold matter, the Court must have before it a case or controversy. Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972). Moreover, the Court cannot issue orders that do not remedy the claims alleged in this action. Thus, Plaintiff is not entitled to orders that, rather than serving to remedy the claims in this action, serve to allow Plaintiff to litigate this action more effectively.

As the Complaint in this case does not contain allegations raising issues similar to those presented in the instant motion, there is no controversy present with respect to such issues and, as a result, the Court cannot address either the likelihood of success on the merits or whether there are serious questions going to the merits of Plaintiff's claims.

To the extent Plaintiff is attempting to allege an access to courts claim, he cannot incorporate claims occurring after the initiation of a civil case in the already pending action. Should Plaintiff wish to pursue such a claim, he must do so in a new and separate action.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Motion for a Temporary Restraining Order be DENIED.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with

1  a copy of these Findings and Recommendations, any party may file written Objections with the
2  Court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
4  and filed within TEN (10) court days (plus three days if served by mail) after service of the
5  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
6  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
7  may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153
8  (9th Cir. 1991).

10  IT IS SO ORDERED.

11  **Dated:   May 7, 2005**              /s/ Lawrence J. O'Neill
   b9ed48                          UNITED STATES MAGISTRATE JUDGE