UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN MULLICANE,<br><br>                    Plaintiff,<br><br>       v.<br><br>MARSHALL, et. al.,<br><br>                    Defendants.<br>_____/ | CV F   03 6299 AWI LJO P<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO DISMISS  (Doc. 42.) |

Glenn Mullicane ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A.  PROCEDURAL HISTORY**

Plaintiff filed the instant action on September 22, 2003, alleging that Defendants Deputy Warden Marshall, Captain J.R. Andrews, Counselor P. Stockman, Counselor G. Rangel, Counselor S. Issac, Counselor Ortiz, F.N.U., Lieutenant J. Hill, and Does 1 through 5 failed to protect him by housing him with known enemies, failing to provide him with adequate medical care following a physical attack as a result of his improper housing and were negligent with

1

1 respect to his medical care.

2     Defendants filed a preanswer Motion to Dismiss on April 20, 2005, alleging that the
3 Court lacked jurisdiction over the claims as Plaintiff failed to exhaust his administrative
4 remedies.

5     Plaintiff filed an Opposition to the Motion to Dismiss on May 11, 2005.  Defendants then
6 filed a Reply to the Opposition on May 18, 2005.

7 **B.  STANDARD OF REVIEW**

8     Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be
9 brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
10 a prisoner confined in any jail, prison, or other correctional facility until such administrative
11 remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Section 1997e(a)
12 exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435
13 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of
14 the relief sought by the prisoner and regardless of the relief offered by the process, as long as the
15 administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner,
16 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need
17 not meet federal standards, nor must they be 'plain, speedy, and effective.' "  Porter, 534 U.S. at
18 524 (*citing* Booth, 532 U.S. at 739 n. 5).  Exhaustion must occur prior to filing suit.  McKinney
19 v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Plaintiff may not exhaust while the suit is
20 pending. McKinney, 311 F.3d at 1199-1201.

21     The California Department of Corrections has an administrative grievance system for
22 prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the
23 department's jurisdiction may appeal any departmental decision, action, condition, or policy
24 which they can reasonably demonstrate as having an adverse effect upon their welfare."  Id. at
25 3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level,
26 second formal level, and third formal level, also known as the "Director's Level."  Cal. Code
27 Regs. tit 15, § 3084.5 (2004).

28     Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

2

defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In order to meet this burden, Defendants must show that further administrative remedies are available to Plaintiff. Brown v. Valoff, -- F.3d--, 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005). The Ninth Circuit has also found exhaustion when a prisoner has demonstrated that his grievance has been rejected as untimely and he could "go no further in the prison's administrative system; no remedies remained available to him." Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir.2005).

The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (*per curiam*)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id. The Ninth Circuit has rejected a total exhaustion rule and thus, a court is not required to dismiss an entire action when a Section 1983 complaint contains both exhausted and unexhausted claims. Lira v. Herrera, 427 F.3d 1164, 2005 WL 2850115 (9th Cir. 2005.)

**C. ANALYSIS**

Defendants allege that Plaintiff has failed to exhaust his administrative remedies with respect to his Eighth Amendment claims that Defendants failed to protect him and provide him with adequate medical care as a result of a stabbing incident on September 23, 2002.

In support, Defendants provide the Court with a copy of an Inmate/Parolee Appeal Form No. 02-03421. (Exh. B, Motion.) In this appeal, Plaintiff complains that while being escorted back to his cell from the yard cages he was attacked with an "ice pick" by another inmate. Id. The appeal states that Plaintiff suffered eleven puncture wounds, was given water and an antibiotic by the attending doctor and sent back to his cell. Later, Plaintiff collapsed and was taken to the prison hospital where it was discovered that he had a punctured lung. Id. Plaintiff was later taken to a hospital outside of the prison where he remained for a period of two weeks.

1  The appeal further alleges that Plaintiff had informed the Institutional Classification Committee
2  ("ICC") several times that he was being put in harms way by being housed with "active" gang
3  members and in general population even after he had been "shot with an arrow on 11-10-98." Id.
4      According to the documentation provided, Plaintiff's appeal was granted at the first
5  formal level on October 23, 2002. (Exh. C, Motion.) The First Formal Appeal Response states
6  that Plaintiff was housed in a "building which program is specifically designed for the protection
7  of inmates who are in danger of possible assault from any of the various prison gangs" and that
8  following the stabbing incident, he was examined by Dr. I Brar and returned to his cell after
9  receiving medical care and approval for release. Id. The Memorandum further states that upon
10 receipt of the response, all of Plaintiff's requested actions would be met. Id. Defendants contend
11 that because the administrative grievance named no specific individuals and was not pursued
12 beyond the first level of review, he failed to put the administration on notice of the claims for
13 relief and therefore, has unexhausted his administrative remedies. (Motion at 6-7.)
14     The Court disagrees with Defendant's conclusion.  At the time the instant Motion was
15 filed, Defendants did not have the benefit of recently decided Ninth Circuit law on several issues
16 surrounding exhaustion in § 1983 actions.
17     In Butler v. Adams, 397 F.3d 1181, 2005 WL 323808 (9th Cir. 2005), the Ninth Circuit
18 held that under the PLRA, an inmate is required to use the administrative process afforded by the
19 state to exhaust his administrative remedies and the standard CDC form 602 does not require the
20 identification of any specific persons. Butler v. Adams, 397 F.3d 1181, 1182, 2005 WL 323808
21 (9th Cir. 2005). Thus, by completing the form and describing the action requested, a Plaintiff
22 "avail[s] himself of the administrative process the state [gives] him. The PLRA does not require
23 more." Id. at 1183. Thus, although the inmate appeal filed by Plaintiff did not specifically
24 identify any of the named Defendants, this is not sufficient to warrant dismissal on exhaustion
25 grounds.[1]

---

[1] The Court notes that Plaintiff's inmate appeal sufficiently states that he informed those on the classification committee of his safety concerns and further states that the attending physician was negligent and failed to provide adequate medical care. The Complaint clearly names as Defendants individuals who participated in Plaintiff's classification and attended to his medical needs.

4

1    Defendants further fail to identify any further administrative remedies that are available to
2    Plaintiff, <u>Brown v. Valoff</u>, -- F.3d--, 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005), and do
3    not cite to any authority that requires Plaintiff to continue to appeal even after his first level
4    appeal is granted *in toto*.  The Appeal Response provided by Defendant states clearly that the
5    appeal was "Granted" and did not advise Plaintiff that any further review was available or
6    required.  In fact, the Memorandum stated specifically that once Plaintiff received the appeal
7    response, all his requests would have been met.  (Exh. C, Motion.)   A person in Plaintiff's shoes
8    could easily understand this to mean that no further relief was "available" or required.  <u>Id</u>. at 938.
9    Accordingly, the Court finds Defendants have failed to meet their burden of demonstrating that
10   there are administrative remedies that remain available to Plaintiff.  <u>Wyatt v. Terhune</u>, 315 F.3d
11   1108, 1119 (9th Cir. 2003); <u>Brown v. Valoff</u>, -- F.3d--, 422 F.3d 926, 2005 WL 2129069, *7 (9th
12   Cir.2005).

13   Defendant's Motion also asserts that Plaintiff's state law claim should be dismissed
14   because Plaintiff did not allege compliance with the California Tort Claims Act ("CTCA") in his
15   Complaint.  (Motion at 7.)

16   Generally, to state a tort claim against a public employee under the California Tort
17   Claims Act, the Plaintiff must allege compliance with the Tort Claims Act.  <u>Mangold v.
18   California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995) (*citing* <u>Snipes v. City of
19   Bakersfield</u>, 145 Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); <u>McQuoid v. Rubin</u>,
20   No. S-97-0325 MLS PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997).   Here, Plaintiff did not
21   allege compliance with the Tort Claims Act in his Complaint.  However, as noted by Defendants
22   in their Reply, Plaintiff has since complied with the CTCA.  Accordingly, in light of the above
23   finding that Defendants have failed to meet their burden concerning exhaustion and the
24   compliance by Plaintiff with the CTCA, the Court will exercise jurisdiction over the remaining
25   state law negligence claims.

26   D.  FINDINGS AND RECOMMENDATIONS
27   Accordingly, the Court RECOMMENDS that the Motion to Dismiss the Complaint be
28

5

1  DENIED.[2]

2  The Court HEREBY ORDERS that these Findings and Recommendations be submitted
3  to the United States District Court Judge assigned to this action pursuant to the provisions of 28
4  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
5  District Court, Eastern District of California.  Within THIRTY (30) days after being served with
6  a copy of these Findings and Recommendations, any party may file written Objections with the
7  Court and serve a copy on all parties.  Such a document should be captioned "Objections to
8  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
9  and filed within TEN (10) court days (plus three days if served by mail) after service of the
10 Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
11 § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
12 may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153
13 (9th Cir. 1991).

14 IT IS SO ORDERED.

15 **Dated:   December 1, 2005**          /s/ Lawrence J. O'Neill
   b9ed48                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to Rule 12(a)(4)(A), if the Court denies a Motion permitted and made under this rule, a responsive pleading shall be served within 10 days after notice of the court's action. Fed.R.Civ.P.12(a)(4)(A).