UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN MULLICANE, | 1:03-cv-06299-AWI-LJO-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 51) |
| vs. | **ORDER DENYING MOTION TO DISMISS COMPLAINT** (Doc. 42) |
| MARSHALL, et al., | |
| Defendants. | |

Plaintiff, Glenn Mullicane ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On December 1, 2005, the Magistrate Judge filed Findings and Recommendations that recommended Defendants' motion to dismiss be denied. The Findings and Recommendations were served on the parties which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.

On December 23, 2005, defendants filed objections to the Magistrate Judge's Findings and Recommendations.

1

1     In accordance with the provisions of 28 U.S.C.
2 § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a
3 <u>de novo</u> review of this case.  Having carefully reviewed the
4 entire file, including the objections, the Court finds the
5 Findings and Recommendations to be supported by the record and by
6 proper analysis.
7     In the objections, Defendants contend that the Magistrate
8 Judge's reliance on <u>Brown v. Valoff</u>, 422 F.3d 926 (9th Cir 2005),
9 is misplaced because it conflicts with the Supreme Court's
10 holding in <u>Booth v. Churner</u>, 532 U.S. 731 (2001).  The court
11 disagrees and finds the court is bound by <u>Brown v. Valoff</u>, 422
12 F.3d 926 (9th Cir 2005).  Plaintiff was not required to continue
13 to pursue administrative review after he was told his
14 administrative appeal had been granted because he was given all
15 available relief.  <u>See</u> <u>Brown</u>, 422 F.3d at 936.
16     Defendant argues that even applying <u>Brown</u>, Plaintiff did not
17 exhaust.  Defendant argues that Plaintiff was clearly not
18 satisfied by the fact his appeal was granted because he continued
19 to complain about safety concerns at classification hearings.
20 Defendant also argues that Plaintiff had been placed in the SHU
21 (Segregated Housing Unit) and additional relief was available
22 because he could have been housed in the PHU (Protected Housing
23 Unit.
24     Preliminarily, the court notes that this argument is not
25 properly before the court   A new theory cannot properly be
26 raised in objections to Findings and Recommendations. <u>Greenhow</u>
27 <u>v. Secretary of HHS</u>, 863 F.2d 633, 638-39 (9th Cir. 1988),
28 *overruled on other grounds by* <u>United States v. Hardesty</u>, 977 F.2d

1347 (9th Cir.1992).  Factual assertions that which could have been but were not presented to the Magistrate Judge ahoudl be given no consideration when the court is deciding whether to adopt Findings and Recommendations  <u>Sundaram v. County of Santa Barbara</u>, 2001 WL 540515, *1 (C.D.Cal. 2001); <u>Beam System, Inc. v. Checkpoint Systems, Inc.</u>, 1997 WL 423113, *9 n.9 (C.D.Cal. 1997).

    Regardless, a prisoner does not need to continue to pursue administrative review after all "available" relief has been accorded. <u>Brown</u>, 422 F.3d at 936.  <u>Brown</u> does not require a Plaintiff to continue to pursue administrative review merely because he is not satisfied with the relief he is given.  The appeal stated it was granted.  The reasonable import of this appeal is that no further relief would be available through the administrative process. <u>See</u> <u>Brown</u>, 422 F.3d at 937.  The court finds requiring Plaintiff to know that despite the fact his appeal was granted he should have appealed further and requested a PHU assignment instead of a SHU assignment, goes beyond the requirement of <u>Brown</u>.

    Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed December 1, 2005, are ADOPTED IN FULL;
2. Defendants' motion to dismiss the complaint, filed April 20, 2005, is DENIED; and
3. Defendant's Answer is due within the time allotted by the Federal Rules of Civil Procedure following disposition of a pre-answer Motion.

IT IS SO ORDERED.

**Dated:   March 3, 2006**                          **/s/ Anthony W. Ishii**

1 | 0m8i78                              UNITED STATES DISTRICT JUDGE